**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHANE EDWARD OTTE; MANDI OTTE, *individually and on behalf of all others similarly situated*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 1:25-cv-02797 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| WICZER JACOBS, LLC, F/K/A WICZER SHELDON & JACOBS, LLC; PREMIER RESIDENTIAL MANAGEMENT COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Wiczer Jacobs, LLC, formerly known as Wiczer Sheldon & Jacobs, LLC ("WSJ") on behalf of Defendant Premier Residential Management Company ("PRM")[1] (together, "Defendants"), filed an eviction and collection action against Shane Edward Otte and Mandi Otte (together, "Plaintiffs"). The lawsuit was settled and nonsuited. Attached to the eviction complaint was a demand containing all charges, including a $100 administrative fee charged by WSJ for handling the eviction proceeding. Plaintiffs now bring the present Class Action Complaint ("Complaint"), individually and on behalf of all others similarly situated ("Class Members"), alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), violation of the Illinois Consumer Fraud Act, and unjust enrichment stemming from Defendants' attempts to collect the administrative fee. Defendants filed a Motion to Dismiss ("Motion") for failure to state a claim

---

[1] The Court acknowledges that Defendant, Premier Residential Management Company, refers to itself as "PRMC" throughout its Motion. To remain consistent with Plaintiffs' pleadings, the Court will utilize the acronym "PRM."

1

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion [27].

**BACKGROUND**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). Unless otherwise noted, the following factual allegations are taken from Plaintiffs' Complaint, (Dkt. 1), and are assumed true for purposes of this Motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

This action arises out of Defendants' attempts to collect a community association debt relating to Plaintiffs' residence for creditor, the Valley Lakes Community Association, Inc. ("Association"). Plaintiffs are residents of Lake County, Illinois. Defendant, WSJ, is a law firm organized as a limited liability company with main offices in Northbrook, Illinois 60062. WSJ lists community association law as a major practice area and states that its services include "collecting past due assessments and other charges.[2]" WSJ regularly initiates legal proceedings seeking the eviction of delinquent owners and obtaining judgments against delinquent owners. Defendant, PRM, is an Illinois corporation with its principal offices in Long Grove, Illinois. PRM is engaged in the business of managing condominiums and other community associations. Its services include "[c]ollection of assessments.[3]" PRM runs the day-to-day business of the Association on behalf of its members. PRM "provides

---

[2] Wiczer Jacobs, LLC, *Community Association Law: Cost-Efficient And Comprehensive Services For Community Associations*, https://www.wsjlawfirm.com/business-law/community-association-law/, (last visited November 20, 2025).
[3] Premier Residential Management, *Management Services*, https://premierresmgt.com/services/,(last visited November 20, 2025).

management services and handles all of the business of the association including billing assessments, mailings, paying bills, supervising contracts, accounting and certain legal requirements and functions.[4]"

On June 6, 2024, WSJ filed an eviction and collection action against Plaintiffs. Attached to complaint were ledgers showing that the amount sought included a $100 "administrative fee." Defendant WSJ or Defendant PRM prepared a 30-days' notice and demand and mailed it via certified mail to Plaintiffs. The demand contained all charges on Plaintiffs' account, including the $100 administrative fee. After Plaintiffs paid the amounts demanded, the lawsuit was settled and nonsuited.

The $100 amount paid by the Plaintiffs does not correspond to a late fee or a regular assessment. According to Plaintiffs, it is a standard charge made by PRM for handing over the file to counsel, including WSJ. Plaintiffs contend, nothing in the recorded Declaration of Covenants, Conditions, Restrictions, and Easements for the Valley Lakes Community ("Declaration"), authorizes the administrative fee described above.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[4] Valley Lakes, *Contact Information*, https://valleylakes.org/wp/contact-us//,(last visited November 20, 2025).

**DISCUSSION**

Plaintiffs allege that Defendants violated the FDCPA when they filed a lawsuit demanding payment of an administrative fee not expressly authorized by the agreement or permitted by law (Dkt. 1 at *5); violated the ICFA by adding the same unauthorized sums to debts and collecting the unauthorized sums (*id.* at *7); and bring unjust enrichment claims against both Defendants (*id.* at *8.)

In their Motion, Defendants move to dismiss Plaintiffs' FDCPA, ICFA, and unjust enrichment claims because they assert the $100.00 administrative fee is allowed under the Declaration and the Valley Lakes Community Rules and Regulations ("Rules and Regulations"). (Dkt. 27 at *3).

## I. The FDCPA and ICFA

The FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The "false representation of … the character, amount, or legal status of any debt" is a violation of this section of the FDCPA. 15 U.S.C. § 1692e(2)(A). So is the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt," including collecting any amount unless it is "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The ICFA "protects consumers against unfair or deceptive acts or practices, including fraud, false promises, and the misrepresentation or the concealment, suppression, or omission of any material fact." *Rao v. J.P. Morgan Chase Bank. N.A.*, 153 F.4th 541, 555 (7th Cir. 2025) (internal quotation marks and citation omitted). The elements of an ICFA claim are: (1) "a deceptive or unfair act or practice by the defendant;" (2) "the defendant's intent that the plaintiff rely on the deceptive or unfair practice;" and (3) "the unfair or deceptive practices occurred during a course of conduct involving trade or commerce." *Id.* at 555–56. A plaintiff may allege an ICFA violation based on a

misrepresentation of a debt allegedly owed. *See*, e.g., *People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill.2d 1, 12, 16 (1991) (company alleged to have misrepresented the amounts allegedly owed for violating Chicago parking ordinances).

 The crux of Plaintiffs' Complaint is that the $100 administrative fee was not authorized under the Illinois Common Interest Community Association Act (the "Act") and therefore violated the FDCPA and ICFA.  In relevant part, 765 ILCS 160/1-3 states:

> … (h) Other than attorney's fees and court or arbitration costs, no fees pertaining to the collection of a member's or unit owner's financial obligation to the association, including fees charged by a manager or managing agent, shall be added to and deemed a part of a member's or unit owner's respective share of the common expenses unless: … (iii) *the authority to add the management fees to a member's or unit owner's respective share of the common expenses is specifically stated in the declaration, bylaws, or operating agreement of the association*.  (Emphasis added).

(*See* Dkt. 1 at *3-4.)  Plaintiffs argue that, because Defendants did not specifically state in the declaration, bylaws, or operating agreement of the Association that the Association has the authority to charge non-attorney management company collection fees, their decision to do so, was unlawful. (*Id.* at 4.)

 Defendants refute Plaintiffs' principal assertion and argue that the fees were in fact authorized under the Declaration as well as the Rules and Regulations.  (*See* Dkt. 27 at *3-4.)  Specifically, Defendants assert Plaintiffs fail to provide relevant weight in their Complaint to the portions of the Declaration authorizing Defendants to create and levy assessments against owners, § 6, et seq., or to the portion incorporating and allowing the Association to enforce the Rules and Regulations, § 12.9, and actually exclude the portion of the Rules and Regulations filed with the underlying eviction proceeding that explicitly authorizes the imposition of a $100 administrative fee by the professional management company, § 3.03(b)(2).  (*See id.* at *4-5.)  Defendants finally emphasize that the Act authorizes the Association to engage the services of a manager or management company and empowers the Association to levy and collect reasonable fines from members or unit owners for

violations of the declaration, bylaws, operating agreement, and rules and regulations of the common interest community association. *See id.* (citing 765 ILCS 160/1-30 (e);(g)).

While Plaintiffs did not include all relevant portions of the underlying eviction filing in their present Complaint, the Court may consider documents that are "incorporated into the complaint by reference." *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025). Accordingly, because the Complaint references and attaches portions of the underlying eviction, the Court considers the entire filing, including the Rules and Regulations, although Plaintiffs excluded this section from their Complaint. Importantly, § 3.03(b)(2) of the Rules and Regulations explicitly states: "[a]ny Unit Owner account that has been referred to an attorney for collection shall be assessed a $100.00 administrative fee to cover costs associated with turning over and monitoring the file. This fee is in addition to any attorney fees subsequently incurred in relation to collection." *Id*; (*see Dkt.* 27-2 at *15).

Because the $100 fee authorized by the Association's Rules and Regulations during eviction proceedings is the exact fee at issue, Plaintiffs' claims fail. Especially here, where the Declaration explicitly provides the Association with authority to enforce the Rules and Regulations, *see* § 12.9, Plaintiffs claims are without merit. Notwithstanding the specific authorization in the Rules and Regulations, the Declaration itself provides the Association with the requisite authority to charge such a fee. Specifically, § 6.9 of the Declaration states that "there shall be added to the amount of [an] Assessment all the costs of collecting the Assessment… including but not limited to, attorney's fees and title report costs and other costs associated with preparing and filing a complaint and maintaining and concluding such action." Plaintiffs cannot reasonably allege that the $100 is unreasonable for the preparation of documentation, subsequent referral, and maintenance of the suit or the "other costs associated" with eviction proceedings. The charge was pursuant to Defendants' rightful attempt to

6

collect unpaid amounts owed and the subsequent action that was filed to enforce Plaintiffs' Assessment.

Based on the plain language of the Rules and Regulations and the Declaration itself, the Court concludes Defendants had specific authorization for this charge. Because the fees were allowed in the Declaration, there is no violation of the Act, no violation of the FDCPA, nor any violation of the ICFA. Accordingly, the FDCPA and ICFA claims are dismissed.

## II. Unjust Enrichment

Finally, Plaintiffs allege unjust enrichment claims against both Defendants. (Dkt. 1. at *8.) There is no standalone cause of action for unjust enrichment in Illinois. *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019). Because Plaintiffs' unjust enrichment claims rest on the same improper conduct alleged in their FDCPA and ICFA claims, their unjust enrichment claims are "tied to [these] related claim[s]," and "will stand or fall with the related claim[s]." *Id.* (quoting *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)). Because Plaintiffs fail to allege either an FDCPA or ICFA violation, they also fail to allege unjust enrichment claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion [27] is granted. Plaintiffs' FDCPA, ICFA and unjust enrichment claims are dismissed with prejudice.[5] Civil case is terminated.

**IT IS SO ORDERED.**

Date: 12/1/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

[5] Plaintiffs' claims are dismissed with prejudice because any amendment would be futile. *See Russell v. Zimmer*, Inc., 82 F.4th 564, 572 (7th Cir. 2023). The fees charged here are allowed under the Rules and Regulations and therefore are valid under the Act. No amendment would change the outcome.